GEORGE REMUS, for appellant.

FRANK P. SADLER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

EXECUTIONS, § 305*—*presumption in absence of bill of exceptions on appeal from order dismissing petition for discharge, Insolvent Debtors' Act.* On appeal from an order dismissing a petition filed in the County Court under the Insolvent Debtors' Act for release from custody under a *ca. sa.* issued on a judgment in tort, it will be presumed, in the absence of a bill of exceptions, that there was sufficient evidence to support the finding that malice was the gist of the action.

---

## City of Chicago, Defendant in Error, v. Thomas Osborn, Plaintiff in Error.

### Gen. No. 18,564.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed February 2, 1914.

## Statement of the Case.

Complaint by City of Chicago against Thomas Osborn charging defendant with gambling in violation of Section 978 of the Municipal Code of Chicago. From a judgment finding defendant guilty, defendant appeals.

HENRY M. SELIGMAN, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, ULYSSES S. SCHWARTZ and JOHN PRYSTALSKI, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

GAMING, § 73*—*when evidence insufficient to show person guilty of bookmaking.* On prosecution of a person for bookmaking in violation of the Municipal Code of Chicago, a verdict of guilty, *held* not sustained by the evidence, there being no evidence that any one made a bet with defendant or that a bet was made at the place named in the complaint.

---

## W. H. McFadden, Defendant in Error, v. Union Stock Yards & Transit Company and Michigan Central Railroad Company, Plaintiffs in Error.

## Gen. No. 18,570.

1. CARRIERS, § 110*—*measure of damages for delay in transportation.* The measure of damages against a carrier for delay is the difference between the market price at the place of destination when the property should have arrived and the time it actually arrived.

2. CARRIERS, § 250a*—*right to damages when stock is negligently carried to wrong place and sold by owner.* Where a carload of horses consigned to a certain place for sale is negligently carried to a different place, the owner has the right to accept the horses at the latter place; but by accepting the horses he does not thereby establish as the measure of his damages the difference between what the horses would have brought at the place they were consigned and what they would sell for at the place they were shipped.

3. CARRIERS, § 248*—*sufficiency of evidence to sustain recovery where owner accepts and sells stock after being carried to wrong place.* Where a railroad company carried a carload of horses to a place other than to which they were consigned for sale and the owner accepted the horses and sold them at such place, *held* in an action to recover the difference between what the horses sold for and what they would have sold for at the place they were consigned that the evidence was insufficient to sustain a judgment for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.